**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Schnittke,* **Slip Opinion No. 2017-Ohio-9206.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9206

DISCIPLINARY COUNSEL *v*. SCHNITTKE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Schnittke,* Slip Opinion No. 2017-Ohio-9206.]**

*Attorneys—Misconduct—Neglect of entrusted legal matter—Failure to keep client reasonably informed—Conduct prejudicial to administration of justice—Six-month suspension fully stayed on condition.*

(No. 2016-0861—Submitted August 29, 2017—Decided December 28, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-075.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Steven Powell Schnittke of New Lexington, Ohio, Attorney Registration No. 0025537, was admitted to the practice of law in Ohio in 1975.

**{¶ 2}** In a complaint certified to the Board of Professional Conduct on December 10, 2015, relator, disciplinary counsel, alleged that Schnittke committed multiple ethical violations by failing to file briefs in three criminal cases in which he was appointed to serve as appellate counsel.[1] The parties submitted stipulations of facts, misconduct, and aggravating and mitigating factors. They also agreed to dismiss three alleged violations and jointly recommended that Schnittke be suspended from the practice of law for six months with the entire suspension stayed. The panel of the board appointed to hear the matter granted the parties' motion to waive the hearing and adopted their stipulations, but it rejected the parties' stipulated sanction in favor of a public reprimand. The board agreed, but in December 2016, we remanded the matter to the board for further proceedings— including the consideration of a more severe sanction. *Disciplinary Counsel v. Schnittke*, 147 Ohio St.3d 1461, 2016-Ohio-8162, 65 N.E.3d 767.

**{¶ 3}** On remand, the parties supplemented their stipulations with three letters attesting to Schnittke's good character, community leadership, and dedication to the practice of law in Perry County. After hearing testimony from Schnittke and two character witnesses, the panel adopted the parties' stipulations, made additional findings of fact, and recommended that Schnittke be suspended from the practice of law for six months, all stayed, which the board adopted. We adopt the board's findings of fact and conclusions of law and suspend Schnittke from the practice of law for six months, all stayed on the condition that he engage in no further misconduct.

## Misconduct

**{¶ 4}** The parties have stipulated that Schnittke was appointed to represent three defendants in appeals from their criminal convictions in May 2005, May

---

[1] Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility.

2007, and June 2012. In the 2005 case, he filed a notice of appeal and docketing statement, requested and reviewed the transcript of the client's sentencing hearing, and advised the client that he saw no basis for an appeal, but he did no additional work. In the 2007 case, Schnittke sent the client two letters, one of which advised the client that he had been appointed to the case and had reviewed the client's file, but he failed to do anything more. And in the 2012 case, he failed to respond to the client's letters and performed no work on the client's behalf. Each of the appeals was dismissed for want of prosecution because Schnittke failed to file appellate briefs. Schnittke did not withdraw from any of these representations, nor did he submit applications for fees.

{¶ 5} One of the affected clients successfully moved the court to reopen his appeal and filed an appellate brief, pro se. After the client filed his brief, Schnittke sent him a letter regarding the strategy for the appeal and suggested a case on which the client might rely. Although the letter indicated that Schnittke would perform research and provide additional thoughts to assist the client, he never did.

{¶ 6} The panel adopted the parties' stipulations that Schnittke's conduct in the 2005 case violated DR 6-101(A)(3) (prohibiting neglect of an entrusted legal matter); that his conduct in the 2007 case violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter); and that his conduct in the 2012 case violated Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

## Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated,

relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

{¶ 8} The parties stipulated that the mitigating factors in this case include the absence of prior discipline, the absence of a dishonest or selfish motive, full and free disclosure and a cooperative attitude toward the disciplinary proceedings, and good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5). Witness testimony and character letters described Schnittke's extensive community service, his involvement in the leadership of his church, and his active participation in pro bono work and mentoring programs for young attorneys. In addition, the parties stipulated that Schnittke has acknowledged the wrongfulness of his misconduct and obtained no monetary benefit from it. Schnittke also testified that after the grievance was filed, but before the complaint was certified to the board, he took a continuing-legal-education course to improve his understanding of ethics. And although he and his wife were winding down their practice, he hired a part-time secretary to assist them for seven or eight months.

{¶ 9} Stipulated aggravating factors include a pattern of misconduct, multiple offenses, and the vulnerability of and resulting harm to Schnittke's clients. *See* Gov.Bar R. V(13)(B)(3), (4), and (8).

{¶ 10} In fashioning the appropriate sanction, the board considered numerous cases that publicly reprimanded attorneys who engaged in comparable misconduct. But it determined that Schnittke's conduct was more serious because it involved multiple clients and multiple aggravating factors. It found that this case was most analogous to cases in which we imposed six-month fully stayed suspensions. For example, in *Dayton Bar Assn. v. Sebree*, 96 Ohio St.3d 50, 2002-Ohio-2987, 770 N.E.2d 1009, we imposed a six-month fully stayed suspension on an attorney who failed to respond to a counterclaim in one client's case, failed to prosecute a collection case for another client, and failed to communicate with both clients due to a busy practice, poor office-management procedures, and lack of

guidance. We also imposed a six-month fully stayed suspension coupled with a six-month period of monitored probation in *Disciplinary Counsel v. Harp*, 91 Ohio St.3d 385, 745 N.E.2d 1032 (2001). Harp failed to respond to a motion to dismiss his client's workers' compensation appeal, failed to prosecute another client's collection matter for more than five years, and failed to pursue a claim for injuries that a third client allegedly received while incarcerated in an Ohio prison. But he also presented evidence that he had taken steps to reduce his caseload, increase his staff, and adopt management practices to prevent further ethical violations.

**{¶ 11}** After independently reviewing the record, we adopt the board's findings of fact and agree that Schnittke's conduct violated DR 6-101(A)(3) and Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), and 8.4(d). Consistent with the board's recommendation and our precedent, we find that a six-month stayed suspension is the appropriate sanction for that misconduct.

**{¶ 12}** Accordingly, Steven Powell Schnittke is suspended from the practice of law in Ohio for six months, all stayed on the condition that he engage in no further misconduct. If Schnittke fails to comply with the condition of the stay, the stay will be lifted and he will serve the full six-month suspension. Costs are taxed to Schnittke.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

————————————

Scott J. Drexel, Disciplinary Counsel, and Audrey E. Varwig, Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., Christopher J. Weber, and Jason H. Beehler, for respondent.

————————————