**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lorain Cty. Bar Assn. v. Weir,* **Slip Opinion No. 2019-Ohio-2151.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2151

LORAIN COUNTY BAR ASSOCIATION ET AL. *v.* WEIR.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Weir,* Slip Opinion No. 2019-Ohio-2151.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing a client, failing to keep a client reasonably informed about the status of a matter, failing to cooperate with the disciplinary investigation, and filing to provide competent representation to a client—An unsworn letter cannot be submitted as additional evidence after a hearing has concluded absent exceptional circumstances—One-year suspension, with six months stayed and with conditions.*

(No. 2018-1447—Submitted March 6, 2019—Decided June 5, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-006.

_____

**Per Curiam.**

{¶ 1} Respondent, Jeffrey Hile Weir II, of Lorain, Ohio, Attorney Registration No. 0067470, was admitted to the practice of law in Ohio in 1997. In 2005, we briefly suspended his license to practice law based on his failure to timely register for the 2005-2007 biennium. *In re Attorney Registration Suspension of Weir*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671; *In re Reinstatement of Weir*, 107 Ohio St.3d 1705, 2006-Ohio-13, 840 N.E.2d 209.

{¶ 2} In January 2018, the Lorain County Bar Association ("LCBA") charged Weir with committing professional misconduct in a single client matter. A few months later, disciplinary counsel charged him with misconduct in a separate client matter. The Board of Professional Conduct considered both complaints together and after a hearing, found that Weir had engaged in the charged misconduct. The board recommends that we suspend him for one year, with six months stayed on conditions. Weir objects to the board's report and recommendation and urges us to impose a fully stayed six-month suspension.

{¶ 3} On March 1, 2019—after the parties had fully briefed Weir's objections—we suspended Weir on an interim basis after being notified that he had failed to answer a third disciplinary complaint filed against him in an unrelated matter. *See Lorain Cty. Bar Assn. v. Weir*, ___ Ohio St.3d ___, 2019-Ohio-728, ___ N.E.3d ___.

{¶ 4} For the reasons explained below, we overrule Weir's objections to the board's report and adopt the recommended sanction, with one modification.

### Misconduct

*LCBA's complaint*

{¶ 5} In December 2015, Jennifer Demyan retained Weir to assist her in terminating a land-installment contract in which she had agreed to purchase property in Grafton, Ohio. Weir negotiated a settlement that cancelled the contract and required the sellers to return a portion of Demyan's deposit, minus the sellers'

costs for repairing any damages to the property. In February 2016, the sellers' counsel sent Weir a check for $4,983 to satisfy what the sellers believed were their obligations under the settlement agreement.

**{¶ 6}** Demyan, however, believed that she was entitled to more money, and therefore neither she nor Weir attempted to negotiate the check. But by June 2016, Demyan instructed Weir to accept the money. Believing that the original check had become stale, Weir returned the check to the sellers' counsel and requested that the sellers issue a new one. On August 18, 2016, Weir notified Demyan that he had received a new check in the amount of $4,983, and she sent him an e-mail requesting that he forward the check through U.S. mail.

**{¶ 7}** Weir, however, misplaced the check and therefore failed to send Demyan her money. He also failed to respond to her e-mail and to four additional e-mails that she sent in September and October 2016 inquiring about the status of her settlement check. In a November 7, 2016 e-mail, Weir finally notified Demyan that he could not locate the check. He also indicated that he had requested the sellers' counsel to issue another check and that he would immediately advise her when he received it. But after his November e-mail, Weir again stopped communicating with Demyan. On January 1, 2017, after she had sent two more unanswered e-mails, Demyan requested that Weir send her all documentation regarding her case. When he failed to comply, Demyan advised him by e-mail that her only remaining option was to file a grievance.

**{¶ 8}** In July 2017, Demyan filed a grievance with the LCBA, which sent Weir two separate letters—dated August 9 and August 30, 2017—requesting that he submit a written response to the grievance. At his disciplinary hearing, Weir testified that he received only one of the letters, despite the fact that certified-mail receipts for both were signed by someone in his office building. It is undisputed that Weir never submitted a written response to the grievance, although he appeared at a meeting of the LCBA ethics-and-grievance committee to discuss it.

**{¶ 9}** Soon after meeting with the committee, Weir located the missing check and in December 2017, notified Demyan that he had found it. After Weir had some communications with the sellers' counsel, Demyan attempted to negotiate the check, but because it was stale, the bank refused to honor it. At Weir's disciplinary hearing in June 2018, the sellers' former attorney testified that at that point, the sellers had refused to issue a third check, although they had offered to meet Demyan at the bank to withdraw the money, provided she pay for their travel expenses from West Virginia. Demyan testified that she never received the settlement money, and Weir admitted that he had not attempted to pay Demyan restitution for her financial loss.

**{¶ 10}** Based on this evidence, the board found that Weir violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client), 1.4(a)(3) and (4) (requiring a lawyer to keep the client reasonably informed about the status of a matter and to comply as soon as practicable with a client's reasonable requests for information), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), 1.16(d) (requiring a lawyer to promptly deliver papers and property to the client upon termination of the representation), and 8.1(b) and Gov.Bar R. V(9)(G) (both requiring an attorney to cooperate with a disciplinary investigation). In addition, Weir admitted that he failed to notify Demyan that he lacked legal-malpractice insurance. The board therefore found that he also violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance).

*Weir's objections and disposition*

**{¶ 11}** Weir objects to the board's factual finding in its report that he "testified that he was willing to make restitution to Demyan but as of the hearing date, had made no attempt to do so." Weir claims that this finding is "incomplete and inaccurate" because he made continuous efforts to locate Demyan's missing

4

check and after he found it, he attempted to obtain payment for her. According to Weir, after he notified the sellers' counsel that he had located the missing check, no one told him that the sellers had refused to issue a third check. Therefore, he was not aware—at least prior to his disciplinary hearing—that Demyan had not been paid. Weir believes that he made "significant attempts to make restitution to Ms. Demyan."

{¶ 12} We disagree. The board's report accurately describes the evidence presented at Weir's disciplinary hearing. Specifically, Weir acknowledged at the hearing that he had previously indicated a willingness to pay restitution to Demyan if she had not received her money. LCBA's attorney then asked Weir whether he had made any attempt to do so, and he responded: "I have not." Weir also testified that at some point, he was no longer updated about the status of the matter, and he therefore assumed that Demyan and the sellers' counsel had resolved the issue by themselves. Weir's incorrect assumption, however, does not change the fact that he admittedly made no attempt to pay Demyan restitution for the financial loss caused by his misconduct. The board's factual finding is supported by the record.

{¶ 13} Weir also asserts that since his disciplinary hearing, the sellers paid Demyan the amount due under their settlement agreement. To support this allegation, Weir attached to his brief a letter from Demyan's current counsel indicating that the sellers sent him the funds. We have recognized, however, that "Gov.Bar R. V provides for a formal evidentiary hearing before a panel of the board and does not provide for the introduction of additional evidence once the proceedings are before this court." *Disciplinary Counsel v. Squire*, 130 Ohio St.3d 368, 2011-Ohio-5578, 958 N.E.2d 914, ¶ 45, fn. 3b. "Only in the most exceptional circumstances would we accept additional evidence at [this] late stage of the proceedings." *Columbus Bar Assn. v. Sterner*, 77 Ohio St.3d 164, 168, 672 N.E.2d 633 (1996).

**{¶ 14}** Weir had sufficient time to supplement the board's record with evidence demonstrating that Demyan had received her settlement funds. At Weir's June 29, 2018 disciplinary hearing, the panel chair ordered him to submit a posthearing brief by August 17, 2018. In his objections, Weir claims that Demyan received final payment "on or before August 15, 2018," as evidenced by the letter—also dated August 15, 2018—that he attached to his brief. Yet inexplicably, Weir failed to submit a posthearing brief to the board and never attempted to reopen or supplement the record so that the board could consider this new evidence. Alternatively, even if Weir had established that circumstances warrant introducing evidence at this late stage, he failed to satisfy his evidentiary burden by merely attaching an unsworn letter to his objections brief.

**{¶ 15}** On this record, no exceptional circumstances exist that would allow Weir to introduce the letter for the first time in his objections. *See Disciplinary Counsel v. Cantrell*, 130 Ohio St.3d 46, 2011-Ohio-4554, 955 N.E.2d 950, ¶ 14 (finding no exceptional circumstances and therefore rejecting mitigating materials submitted with an attorney's objections); *AP Hotels of Illinois, Inc. v. Franklin Cty. Bd. of Revision*, 118 Ohio St.3d 343, 2008-Ohio-2565, 889 N.E.2d 115, ¶ 8, fn. 1 (striking a document included in the appellant's supplement when the document was not introduced into evidence at the agency and did not exist until months after the close of the agency hearing).

**{¶ 16}** We therefore overrule Weir's objections and adopt the board's findings of misconduct in the LCBA's case.

*Disciplinary counsel's complaint*

**{¶ 17}** In February 2010, Edward and Nancy Medley were sued. Their counsel filed a counterclaim and identified one expert witness to support that claim. Two years later, the Medleys replaced their counsel with Weir. The court later entered judgment against the Medleys.

**{¶ 18}** In May 2014, Weir, on behalf of the Medleys, filed a legal-malpractice action against their former attorney, alleging that the attorney had selected an expert witness who was not competent to provide the necessary testimony. The court, however, dismissed the complaint as time-barred under the applicable statute of limitations. Weir appealed, but the appellee moved to dismiss because Weir had not timely filed his notice of appeal pursuant to App.R. 4(A). Weir failed to respond to the appellee's motion to dismiss, and the court of appeals dismissed the attempted appeal as untimely. At his disciplinary hearing, Weir admitted that he was not familiar with some of the case law applicable to the statute of limitations for legal-malpractice actions and that he had miscalculated the dates for filing a timely appeal.

**{¶ 19}** Based on this evidence, the board found that Weir violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) and 1.3. We agree with the board's findings of misconduct.

### Sanction

**{¶ 20}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 21}** The board found one aggravating factor—Weir committed multiple offenses. *See* Gov.Bar R. V(13)(B)(4). The board also concluded that Demyan suffered financial loss due to Weir's misconduct and that he had failed to make restitution to her. Although the board cited those facts as weighing in favor of a harsher sanction, it did not expressly find that they were aggravating factors under Gov.Bar R. V(13)(B). In addition, Weir's attorney-registration suspension qualifies as an aggravating factor under Gov.Bar R. V(13)(B)(1). *See Disciplinary Counsel v. Anthony*, 138 Ohio St.3d 129, 2013-Ohio-5502, 4 N.E.3d 1006, ¶ 11

("An attorney's suspension for failure to comply with attorney-registration requirements is prior discipline and therefore is an aggravating factor * * *").

{¶ 22} In mitigation, the board found that Weir did not act with a dishonest or selfish motive. *See* Gov.Bar R. V(13)(C)(2).

{¶ 23} To support its recommended sanction, the board reviewed a number of cases with comparable misconduct and with sanctions ranging from an indefinite suspension to a public reprimand. The board concluded that Weir's misconduct was less serious than the misconduct in cases imposing an indefinite suspension but more serious than that in the cases imposing a fully stayed suspension or public reprimand. Considering that Weir committed professional misconduct in two separate client matters—and considering the serious misconduct in Demyan's case, including that he lost her settlement check, failed to communicate with her for an extended period of time, and then failed to make her whole—the board recommended a one-year suspension, with six months stayed on conditions, including that he pay restitution to Demyan.

{¶ 24} Weir objects and contends that the more appropriate sanction is a stayed six-month suspension, without the condition of restitution. According to Weir, the circumstances here are less egregious than those in the cases cited by the board imposing fully stayed suspensions for misconduct involving multiple clients.

{¶ 25} The board cited two such cases: *Cleveland Metro. Bar Assn. v. Fonda*, 138 Ohio St.3d 399, 2014-Ohio-850, 7 N.E.3d 1164, and *Disciplinary Counsel v. Schnittke*, 152 Ohio St.3d 152, 2017-Ohio-9206, 93 N.E.3d 974. In *Fonda*, we imposed a conditionally stayed one-year suspension on an attorney who neglected two client matters, failed to reasonably communicate with those clients for several years, and upon his termination, failed to promptly return the clients' files and other documents. In *Schnittke*, we imposed a conditionally stayed six-month suspension on an attorney who failed to file briefs in three criminal cases in

8

which he had been appointed to serve as appellate counsel and failed to reasonably communicate with two of those clients.

{¶ 26} Contrary to Weir's suggestion, his misconduct is no less egregious than that in *Fonda* or *Schnittke*. Further, Weir engaged in additional misconduct. He not only neglected and failed to communicate with clients, he also failed to promptly deliver Demyan's settlement funds to her, failed to notify her that he lacked malpractice insurance, failed to cooperate in the LCBA's disciplinary investigation, and failed to provide competent representation to the Medleys. In addition, more mitigating factors were present in *Fonda* and *Schnittke* than in this case, including that those attorneys lacked any prior discipline. *See Fonda* at ¶ 27; *Schnittke* at ¶ 8.

{¶ 27} Based on this record, we conclude that the board's recommended sanction is appropriate and therefore overrule Weir's objections. As another condition of the stayed portion of his suspension, we order that Weir undergo an assessment by the Ohio Lawyers Assistance Program ("OLAP") and comply with any recommendations resulting from that evaluation.

### Conclusion

{¶ 28} For the reasons explained above, Jeffrey Hile Weir II is hereby suspended from the practice of law for one year, with the final six months of the suspension stayed on the conditions that he (1) provide proof within 60 days of this court's disciplinary order that restitution has been made to Jennifer Demyan in the amount of $4,983, (2) complete a continuing-legal-education course on law-office management in addition to the requirements set forth in Gov.Bar R. X(13), (3) submit to an OLAP assessment and, if necessary, comply with all treatment recommendations, and (4) commit no further misconduct. If Weir fails to comply with any condition of the stay, the stay will be lifted and he will serve the entire one-year suspension. Costs are taxed to Weir.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

FRENCH, J., concurs in part and dissents in part and would not require respondent to submit to an OLAP assessment.

————————————

Wickens Herzer Panza and Daniel A. Cook, for relator Lorain County Bar Association.

Scott J. Drexel, Disciplinary Counsel, and Lia J. Meehan, Assistant Disciplinary Counsel, for relator Disciplinary Counsel.

Jeffrey H. Weir II, pro se.

————————————