NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4961

DISCIPLINARY COUNSEL *v.* RIDDLE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Riddle*, Slip Opinion No. 2020-Ohio-4961.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed six-month suspension.*

(No. 2020-0744—Submitted July 22, 2020—Decided October 22, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-038.

_____

**Per Curiam.**

{¶ 1} Respondent, Loretta Ann Riddle, of Sandusky, Ohio, Attorney Registration No. 0075639, was admitted to the practice of law in Ohio in 2002.

{¶ 2} In July 2019, relator, disciplinary counsel, charged her with violating four professional-conduct rules relating to her alleged failure to communicate with an incarcerated client regarding his criminal appeal. Although the parties entered

into factual stipulations, Riddle denied that her conduct violated any rules, and the matter proceeded to a hearing before a three-member panel of the Board of Professional Conduct. The panel found that Riddle violated three rules, recommended dismissing one alleged rule violation, and recommended that she serve a conditionally stayed six-month suspension. The board issued a report adopting the panel's findings and recommended sanction, and neither party has objected to the board's report.

{¶ 3} Upon our review of the record, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} On April 12, 2016, the Sandusky County Court of Common Pleas appointed Riddle as appellate counsel for Andrew Kouts, who had pleaded guilty to multiple felonies and had been sentenced to 16½ years in prison. Over the next two and a half months, Riddle made no attempt to contact Kouts. Nor did she communicate with his trial counsel about why Kouts had filed an appeal.

{¶ 5} On June 30, 2016, Kouts filed a motion seeking to have Riddle removed as his counsel and to proceed pro se, alleging that she had failed to communicate with him about his appeal. Less than a week later, the Sixth District Court of Appeals struck Kouts's pro se motion because he was represented by counsel.

{¶ 6} On July 11, 2016, Riddle moved for an extension of time to file Kouts's appellate brief, which was due that day. In her motion, Riddle stated that she had just discovered that Kouts had attempted to remove her as his counsel and that she needed additional time to determine whether he wanted her to withdraw. The court of appeals granted her motion and extended the briefing deadline until August 11. Riddle, however, did not immediately contact Kouts.

{¶ 7} On July 15, 2016, Kouts sent Riddle a letter—which she received a few days later—stating that he did not trust her because of her refusal to

communicate with him and requesting that she withdraw as his counsel and send him his file. On August 11—the date Kouts's brief was due—Riddle moved to withdraw as counsel, and a week later, she sent him a letter notifying him that she had moved to withdraw. The letter was Riddle's first attempt at contacting Kouts since she was appointed as his counsel in April. Riddle, however, incorrectly addressed her letter. On August 26, after her first letter was returned, she sent the letter to the correct address. In the interim, Kouts had filed a motion for reconsideration in the court of appeals, again seeking to represent himself pro se and stating that he had "no clue" as to the status of his appeal or whether Riddle had filed anything on his behalf.

{¶ 8} On September 29, the court of appeals denied both Riddle's motion to withdraw and Kouts's motion for reconsideration and ordered Riddle to file Kouts's appellate brief within 21 days. The following day, Kouts filed a pro se brief in which he argued that the trial court had erred in imposing consecutive sentences and that the court of appeals should remand the case for resentencing. Although Riddle was aware that Kouts had filed a pro se brief, she made no attempt to discuss it with him.

{¶ 9} On October 20, Riddle filed an appellate brief on behalf of Kouts. She argued that Kouts's plea was not knowing and voluntary and that he had received ineffective assistance of trial counsel, and she requested that the court of appeals vacate Kouts's plea and sentence. Riddle, however, never consulted Kouts about, nor sought his consent for, the arguments raised in the brief. Nor did she explain to him the ramifications of her strategy, including that if her arguments were successful, the case would be remanded and a longer prison sentence could be imposed. Riddle attempted to send a copy of her brief to Kouts, but she again used the wrong address. She did not send the brief to the correct address until December.

{¶ 10} In May 2017, the Sixth District vacated Kouts's plea and reversed the trial court's judgment, agreeing with Riddle's argument that the plea was not

knowing and voluntary. *State v. Kouts*, 6th Dist. Sandusky No. S-16-012, 2017-Ohio-2905. On remand, Kouts was appointed new counsel, but he later moved to vacate the Sixth District's judgment and dismiss his appeal on the basis that Riddle had failed to consult with him or obtain his consent when she challenged his plea agreement, which Kouts had considered beneficial to him. In January 2018, the Sixth District dismissed Kouts's appeal.

{¶ 11} At her disciplinary hearing, Riddle admitted that she had never attempted to contact Kouts by telephone and never met with him in person. The board found that she violated Prof.Cond.R. 1.4(a)(1) (requiring a lawyer to promptly inform a client of any decision or circumstance requiring the client's informed consent), 1.4(a)(2) (requiring a lawyer to reasonably consult with a client about the means by which the client's objectives are to be accomplished), and 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter).

{¶ 12} We agree with the board's findings of misconduct. We also agree with the board's recommendation to dismiss the alleged violation of Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client).[1]

**Sanction**

{¶ 13} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 14} The board found one aggravating factor—that Riddle had refused to acknowledge the wrongful nature of her conduct. *See* Gov.Bar R. V(13)(B)(7). As for mitigation, the board found that Riddle has a clean disciplinary record, had fully

---

1. Relator originally alleged that Riddle had failed to return phone calls from Kouts and his mother but later recommended dismissal of this charge for lack of sufficient evidence.

cooperated in the disciplinary proceedings, and had presented evidence attesting to her competence as an attorney and to her reputation. *See* Gov.Bar R. V(13)(C)(1), (4), and (5).

{¶ 15} In crafting its recommended sanction, the board reviewed numerous cases in which we either publicly reprimanded or imposed conditionally stayed six-month suspensions on attorneys who had engaged in comparable misconduct, including *Lorain Cty. Bar Assn. v. Godles*, 128 Ohio St.3d 279, 2010-Ohio-6274, 943 N.E.2d 988 (publicly reprimanding an attorney for misconduct that included failing to communicate with a client about the status of a personal-injury case and failing to seek the client's consent before dismissing the complaint), *Toledo Bar Assn. v. Field and Weiss*, 159 Ohio St.3d 1, 2019-Ohio-4845, 146 N.E.3d 532 (publicly reprimanding two attorneys for misconduct that included failing to directly communicate with their client in a personal-injury case in which they had agreed to serve as cocounsel), *Disciplinary Counsel v. Schnittke*, 152 Ohio St.3d 152, 2017-Ohio-9206, 93 N.E.3d 974 (imposing a conditionally stayed six-month suspension on an attorney who had failed to file briefs in three criminal cases in which he had been appointed to serve as appellate counsel), and *Mahoning Cty. Bar Assn. v. Vivo*, 156 Ohio St.3d 496, 2019-Ohio-1858, 129 N.E.3d 431 (imposing a conditionally stayed six-month suspension on an attorney who had neglected a client's bankruptcy matter and failed to properly communicate with the client).

{¶ 16} Here, the board concluded that a stayed six-month suspension is more appropriate than a public reprimand—mostly because of the relevant mitigating and aggravating factors. Specifically, the board noted that the attorney in *Godles*, in which we imposed a public reprimand, had lacked a dishonest or selfish motive. *See Godles* at ¶ 16. Although Riddle alleged the existence of that mitigating factor, the board found that she had failed to prove it. And in *Field and Weiss*, another case in which we issued a public reprimand, the attorneys had acknowledged their wrongdoing. *Field and Weiss* at ¶ 6. But Riddle failed to take

full responsibility for her actions, which the board found was a "significant distinguishing fact" warranting a stayed six-month suspension instead of a public reprimand. Indeed, the board expressed concern throughout its report about Riddle's failure to acknowledge the wrongful nature of her misconduct.

{¶ 17} After independently reviewing the record and considering the aggravating and mitigating factors and relevant precedent, we agree that a six-month suspension, stayed in its entirety on the conditions recommended by the board, is the appropriate sanction in this case.

**Conclusion**

{¶ 18} Loretta Ann Riddle is hereby suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the conditions that she (1) complete a minimum of 12 hours of continuing legal education in law-office management and client communications within six months of our disciplinary order, in addition to the other requirements of Gov.Bar R. X, and (2) refrain from any further misconduct. If Riddle fails to comply with either condition of the stay, the stay will be lifted and she will serve the entire six-month suspension. Costs are taxed to Riddle.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

Coughlan Law Firm, L.L.C., and Jonathan E. Coughlan, for respondent.

_____