[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Valenti*, Slip Opinion No. 2021-Ohio-1373.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1373
DISCIPLINARY COUNSEL *v.* VALENTI.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Valenti*, Slip Opinion No. 2021-Ohio-1373.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to provide competent representation to clients, failing to act with reasonable diligence in representing clients, and engaging in conduct prejudicial to the administration of justice—Six-month suspension stayed on conditions.*

(No. 2020-1519—Submitted January 27, 2021—Decided April 21, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-010.

_____

**Per Curiam.**

{¶ 1} Respondent, Kimberly Anne Valenti, of Hudson, Ohio, Attorney Registration No. 0074624, was admitted to the practice of law in Ohio in 2002.

**{¶ 2}** In February 2020, relator, disciplinary counsel, charged Valenti with failing to competently and diligently represent clients in three matters in which she had been appointed to serve as counsel. Although the parties entered into factual stipulations, Valenti denied that her conduct violated the professional-conduct rules, and the matter proceeded to a hearing before a three-member panel of the Board of Professional Conduct. The board issued a report finding that Valenti engaged in the charged misconduct and recommending that we impose a conditionally stayed six-month suspension. Neither party has objected to the board's report and recommendation.

**{¶ 3}** Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction, with one modification to the sanction.

## Misconduct

### *The Doak matter*

**{¶ 4}** In April 2018, the Portage County Court of Common Pleas appointed Valenti to serve as appellate counsel for Richard B. Doak, who had been sentenced to life in prison without the possibility of parole. Doak's appellate brief was originally due in August 2018, but Valenti sought and received three extensions of time. She nonetheless failed to file the brief by the October 22, 2018 deadline. On December 4, 2018, the Eleventh District Court of Appeals sua sponte ordered Valenti to file the brief within 14 days or show cause as to why the appeal should not be dismissed for failure to prosecute. Valenti filed the brief on December 19, 2018. She did not file a reply to the state's merit brief.

**{¶ 5}** On May 15, 2019, Valenti appeared for oral argument and informed the appellate panel that the parties intended to waive oral argument and stand on their briefs. One of the judges, however, expressed serious concerns about Valenti's brief. He stated that the citations and abbreviations made no sense and that the brief was "52 pages of the most difficult reading I've ever probably done in 12 years." The judge noted that considering the seriousness of Doak's sentence,

2

the arguments should have been set forth in a coherent manner with citations to authority for each assignment of error. After hearing this feedback, Valenti requested a continuance. The court gave her two weeks to file a reply brief so that she could clarify her arguments. The court also rescheduled oral argument.

{¶ 6} Valenti thereafter sought and obtained an extension of time until June 3, 2019, to file the reply brief. But she failed to submit the brief by the deadline, and the court of appeals sua sponte removed her as Doak's counsel. In its entry, the court noted that Valenti's merit brief was "inadequate, incoherent and unintelligible" and that she was unprepared for oral argument. The court appointed new appellate counsel for Doak and granted the attorney additional time to file a new brief on Doak's behalf.

{¶ 7} At her disciplinary hearing, Valenti acknowledged that her appellate brief included confusing abbreviations, incomplete sentences, improper citations to constitutional provisions, a confusing statement of facts, and unclear legal arguments. According to Valenti, she had inadvertently filed a draft of her brief and failed to save the final version—a fact that she did not realize until after oral argument. She also testified that although she had intended to meet the June 3, 2019 deadline for the reply brief, her USB flash drive "broke off" and the court removed her from the case before she could file the brief.

*The Evans matter*

{¶ 8} In February 2019, the Portage County Court of Common Pleas appointed Valenti to serve as appellate counsel for Dwight D. Evans. Valenti, however, failed to file a timely notice of appeal. Instead, almost a month after the initial due date, Valenti filed a motion for a delayed appeal. In late June 2019, the Eleventh District granted the motion, noting in its entry that Evans "should not be penalized for counsel's error in filing an untimely appeal." But in the same entry, the court of appeals sua sponte removed Valenti as Evans's appellate counsel and

appointed him a new attorney. Two of the judges hearing Evans's case had also served on the panel in Doak's appeal.

*The Ellison matter*

{¶ 9} In October 2018, the Summit County Court of Common Pleas, Domestic Relations Division, appointed Valenti to represent Pearlena Ellison in a contempt proceeding regarding child-support obligations. The court scheduled a hearing for June 4, 2019. Around that same time, relator was investigating an unrelated grievance against Valenti, who agreed to reschedule a deposition with relator for June 4—the same day as Ellison's hearing. Valenti failed to appear for Ellison's hearing and failed to notify Ellison or the court that she had a conflict in her schedule. The court appointed a new attorney for Ellison and rescheduled the hearing in the contempt proceeding.

*Rule violations*

{¶ 10} The board found that Valenti violated Prof.Cond.R. 1.1, 1.3, and 8.4(d).

{¶ 11} Prof.Cond.R. 1.1 requires a lawyer to provide competent representation to a client. "Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." *Id*. "To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, including the benefits and risks associated with relevant technology." *Id.* at Comment 8. The board concluded that Valenti was not "sufficiently technologically competent" in the Doak matter. The board further concluded that her late filings in the Doak and Evans matters, her scheduling of a deposition on the date of Ellison's hearing, and her failure to inform Ellison or the court of her scheduling conflict did not "reflect [the] thoroughness and preparation reasonably necessary for competent representation."

{¶ 12} Prof.Cond.R. 1.3 requires a lawyer to "act with reasonable diligence and promptness in representing a client." The board found that by failing to comply

4

with the deadlines imposed by the Ohio Rules of Appellate Procedure and by failing to appear for a scheduled hearing, Valenti did not act with reasonable diligence and promptness while representing Doak, Evans, and Ellison.

{¶ 13} Prof.Cond.R. 8.4(d) prohibits a lawyer from "engag[ing] in conduct that is prejudicial to the administration of justice." The board found that by failing to file a final version of her brief in Doak's appeal, failing to file a timely notice of appeal in Evans's case, and failing to appear at Ellison's hearing, Valenti's conduct was prejudicial to the administration of justice.

{¶ 14} We agree with the board's findings of misconduct.

**Sanction**

{¶ 15} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 16} The board found two aggravating factors: Valenti engaged in a pattern of misconduct and committed multiple offenses. *See* Gov.Bar R. V(13)(B)(3) and (4). In mitigation, the board found that Valenti has a clean disciplinary record, she lacked a dishonest or selfish motive, she had a cooperative attitude toward the board proceedings, she submitted evidence of good character and reputation, and other penalties have been imposed for her misconduct— namely, she was removed as counsel in the three matters. *See* Gov.Bar R. V(13)(C)(1), (2), (4), (5), and (6).

{¶ 17} The board recommends that we suspend Valenti for six months, with the suspension stayed on conditions, including a requirement that she complete six hours of continuing legal education in law-office management with a focus on calendar management and law-office technology. To support its recommended sanction, the board cited several cases in which we imposed conditionally stayed

six-month suspensions on attorneys who had engaged in misconduct similar to Valenti's.

{¶ 18} For example, in *Disciplinary Counsel v. Schnittke*, 152 Ohio St.3d 152, 2017-Ohio-9206, 93 N.E.3d 974, an attorney failed to file briefs in three criminal cases in which he had been appointed to serve as appellate counsel and failed to reasonably communicate with two of those clients. Aggravating factors included a pattern of misconduct, multiple offenses, and harm to vulnerable clients. Mitigating factors included the absence of prior discipline, a lack of a dishonest or selfish motive, full and free disclosure to the board and a cooperative attitude toward the disciplinary proceedings, good character and reputation, and acknowledgement of wrongdoing. We concluded that a conditionally stayed six-month suspension was the appropriate sanction for that misconduct.

{¶ 19} In *Columbus Bar Assn. v. LaFayette*, 152 Ohio St.3d 147, 2017-Ohio-9205, 93 N.E.3d 970, the attorney's misconduct included failure to competently and diligently represent a client in an immigration matter and failure to competently represent a client in a bankruptcy case. As an aggravating factor, the attorney had engaged in multiple offenses. In mitigation, he had no prior discipline, lacked a dishonest or selfish motive, had a cooperative attitude toward the disciplinary proceedings, and submitted positive character evidence. We concluded that a conditionally stayed six-month suspension was consistent with our precedent.

{¶ 20} Considering Valenti's misconduct, the relevant mitigating and aggravating factors, and the sanctions imposed for comparable misconduct, we agree that a six-month suspension, stayed in its entirety on the conditions recommended by the board, is appropriate. But given the problems identified in this case and that court-appointed work is a significant portion of Valenti's practice, we also require her to complete six hours of continuing legal education in criminal appellate law prior to accepting any new appointments in appellate cases.

**Conclusion**

**{¶ 21}** Kimberly Anne Valenti is hereby suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the conditions that she (1) as part of her continuing-legal-education requirements under Gov.Bar R. X, complete six hours of continuing legal education in law-office management, including calendar-management and law-office-technology training, within 90 days of our disciplinary order and six hours of continuing legal education in criminal appellate law prior to accepting any new court appointments in appellate matters and (2) refrain from any further misconduct. If Valenti fails to comply with either condition of the stay, the stay will be lifted and she will serve the entire six-month suspension. Costs are taxed to Valenti.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ.

––––––––––––––––––

Joseph M. Caligiuri, Disciplinary Counsel, Donald M. Scheetz, Chief Assistant Disciplinary Counsel, and Adam P. Bessler, Assistant Disciplinary Counsel, for relator.

Jeffrey N. James, for respondent.

––––––––––––––––––